## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

TRACY DIXON                                                          PETITIONER

V.                                                          No. 4:07CV185-WAP-DAS

RAYMOND BYRD, ET AL.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

Petitioner, Tracy Dixon, filed his petition for a writ of habeas corpus in this court on November 7, 2007. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendations.

On August 22, 2003, authorities with the Indianola Police Department received a tip that Jerry Ford and Tracy Dixon were leaving Ford's residence in a blue Mazda and that they would be carrying illegal drugs. Officer Ronald Ragon, driving in a marked patrol car, spotted the Mazda and turned on his blue lights in an attempt to pull the car over. Upon stopping the Mazda, Officer Ragon was joined by a patrol car containing officers Edrick Hall and Tony Cooper. When the second patrol car arrived, the three occupants of the Mazda – Ford, Dixon, and Markeita Echols – exited the car and fled on foot. Officer Hall began to pursue Ford, while Cooper pursued Dixon on foot.

Officer Hall testified that while pursuing Ford, he witnessed Ford toss an object onto the ground. During this pursuit, Hall also saw Ford stop and bend down in a wooded area. Immediately after apprehending Ford, Hall returned to the area where he saw Ford toss the object and recovered a package containing what later proved to be thirteen or fourteen individually wrapped rocks of crack cocaine. Testimony by Theresa Hickmon of the Mississippi Crime Laboratory established that the cocaine weighed a total of 13.5 grams. Hall testified that the

cocaine had a street value of approximately $1,400; and, Hall and Cooper both testified that the packaging of the cocaine indicated an intent to distribute. The next day Hall returned to the wooded area where he saw Ford stop and bend over, and there he found cash totaling $1,521. Hall testified that the serial number on one of the $100 bills recovered from the wooded area matched that of a bill used by a confidential informant to buy drugs from Ford on the morning of August 22.

Officer Cooper testified that during his pursuit of Dixon, he saw Dixon throw a small, white object to the ground. Cooper testified that after apprehending Dixon, he revisited the area where he saw Dixon throw the object and recovered a small aspirin bottle containing approximately seventy-five small rocks of crack cocaine and that the cocaine was valued at about $100 per gram. According to Hickmon's testimony, the bottle contained 6.5 grams of cocaine. Dixon and Ford were convicted for possession of twenty grams of cocaine with intent to distribute. Each was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $500,000.

Dixon appealed his judgment of conviction and sentence to the Mississippi Supreme Court. On June 6, 2006, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. *See Dixon v. State*, 953 So. 2d 1117, *reh'g denied*, November 14, 2006 (Miss. Ct. App. 2006) (Cause No. 2004-KA-01582-COA). Dixon's petition for writ of certiorari was granted by the Mississippi Supreme Court on January 25, 2007, and on April 12, 2007, the state supreme court filed an opinion essentially affirming the Court of Appeals' decision. *See Dixon v. State*, 953 So. 2d 1108 (Miss. 2007).

On June 11, 2008, Dixon filed an application for leave to seek post-conviction relief before the Mississippi Supreme Court. This was a little over seven months after he filed his

2

petition in this case. Dixon's claims were denied by Order filed August 19, 2008 in Cause No. 2008-M-00993.

In the instant Petition, Dixon raises the following grounds: [1]

1. Denial of a fair trial when the trial court allowed testimony of extrinsic evidence of alleged undercover buy.

2. Denial of a fair trial when the trial court allowed officers Hall and Cooper to testify as expert witnesses.

3. Improper jury instructions charging crime not alleged in the evidence nor charged in the indictment.

4. The jury verdict was against the overwhelming weight of the evidence.

5. Petitioner was denied the right to effective assistance of counsel.

6. The cumulative errors of the trial court warrant granting of the habeas petition.

The court will now consider each claim.

## 1. Grounds 1 & 2

Dixon first argues that he was denied his "due process right to a fair trial when the trial court allowed evidence of an alleged undercover buy of his co-defendant." According to Dixon, "[b]ecause an objection was made, it was imperative that the trial court to [sic] make a Rule 403, M.R.E. analysis" and that the evidence was "highly prejudicial." During its case-in-chief, the prosecution sought to elicit testimony from Officer Hall about an undercover drug buy made at Ford's home the morning of August 22, 2003. When under direct examination, Hall was asked "what initially happened that morning." Defense counsel immediately objected, and during a bench conference stated that he "would object to anything [regarding the sale] unless the sale

---

[1]The court, as required under *Haines v. Kerner*, 404 U.S. 519 (1972), has liberally construed petitioner's asserted grounds for relief.

took place within [Hall's] personal knowledge." The objection was sustained, but later on direct examination, Hall testified that the $100 bill he found where Ford had stopped and bent over matched the serial numbers of a $100 bill previously used by a confidential informant to make a controlled buy at Ford's house on the morning of August 22. Defense counsel failed to object to this testimony. On appeal, Dixon claimed the prosecution's reference to the controlled buy was evidence of another bad act or crime, introduced in violation of Rule 404(b) of the *Mississippi Rules of Evidence* and that the trial court abused its discretion in allowing the evidence and had failed to conduct an on-the-record balancing analysis required by MISS. R. EVID. 403. The Mississippi Court of Appeals found, however, that the trial court was not "on notice that the defendants were making a Rule 404(b) objection" and concluded that the issue was procedurally barred because there was no contemporaneous objection.

For ground 2 Dixon argues that he was denied a fair trial when the trial court allowed Officers Hall and Cooper to testify as expert witnesses with regard to the packaging and value of the cocaine. Specifically, he contends that neither officer was qualified as an expert prior to their testifying and that their "expert testimony" was not disclosed during discovery. During trial, Hall and Cooper testified about the significance of the packaging and the street value of the cocaine. Defense counsel did not make an objection on the grounds asserted by the petitioner here. Before the Mississippi Court of Appeals, Dixon argued that the trial court erred in allowing Hall and Cooper to testify regarding the value and packaging of the cocaine without first being qualified as experts. Again, the Court found that the issue was procedurally barred because no specific, contemporaneous objection had been made at trial. The Mississippi Supreme Court agreed with this ruling on certiorari review.

Procedural bars are cognizable in habeas cases where (1) there is an independent and adequate state procedural rule and (2) the petitioner does not demonstrate both cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that a failure to consider the claims will result in a "miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 86 (1977). A habeas petitioner bears the "burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir.1997) (citations omitted); *see also Johnson v. Mississippi,* 486 U.S. 578, 587 (1988) ("A state procedural rule is not adequate unless it is strictly and regularly followed."). Accordingly, Dixon must demonstrate that "the state has failed to apply the procedural bar to claims identical or similar to those raised by [Dixon] himself." *Id.* The Fifth Circuit has held that the Mississippi state courts have regularly and consistently applied the bar imposed for failure to raise a specific and contemporaneous objection at trial. *See Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992). Because Dixon has neither shown nor argued that the "contemporaneous objection rule" was not "strictly or regularly" followed around the time of his appeal, the court will move on to the second requirement.

As regards the second part of the test, Dixon must show either (1) that there was cause for his failure to object and prejudice from the failure to consider the alleged violation of federal law or (2) that there was a miscarriage of justice when the state court failed to consider the merits of the claim. *See Coleman*, 501 U.S. at 750. In this case, Dixon does not allege any reason for his failure to object at trial regarding introduction of evidence of the controlled buy and the expert

testimony of the police officers.[2]  Accordingly, the court finds there was no cause; and, thus, there is no need to address the prejudice prong of the test.  As regards the "fundamental miscarriage of justice" requirement, Dixon also fails to make any allegation or argument in this regard.  Nevertheless, the court finds there will be no "fundamental miscarriage of justice" if Dixon's claims are not considered on the merits.  "In order to prove a fundamental miscarriage of justice, the prisoner must assert his actual innocence." *See Muniz v. Johnson* 132 F.3d 214, 221 n.12 (5th Cir. 1998) (citation omitted).  Because Dixon has made no allegation of actual innocence, and he has failed to show cause and prejudice, his first and second claims are barred from habeas review.  *See id.* at 221-22.

### 2. Grounds 3, 4, 5 & 6

The state appellate courts have considered each of these grounds on the merits and decided them against Dixon; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[2]Even to the extent that Dixon's petition could be construed to claim that "ineffective assistance of counsel" meets the cause requirement, this claim is without merit because Dixon has failed to show that counsel's performance was deficient, as discussed more fully below. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1), applies to questions of law and mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Because Dixon's claims involve mixed questions of law and fact, the court will examine them under the first exception.[3]

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision involves an "unreasonable application" of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be "objectively" unreasonable. *Id.* at 1521.

---

[3]Under § 2254(d)(2), the grounds presented by Dixon may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 271, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). Dixon has failed to meet this burden.

As discussed below, the petitioner has not shown that the state appellate courts unreasonably applied the law to the facts or that the courts' decisions contradicted federal law.

a.  Ground 3

Here Dixon alleges his "right to due process" was violated when the trial court granted an allegedly improper jury instruction "[c]harging [a] [c]rime [n]ot [a]lleged [i]n [t]he [e]vidence [n]or [sic] [c]harged [i]n [t]he [i]ndictiment."  Dixon argues that the instruction was improper because "no conspiracy was charged [in the indictment] and the evidence did not show that petitioner and co-defendant were acting together."  Dixon first made the substance of this argument on direct appeal within his argument asserting that "[t]he evidence was insufficient to prove the indictment."  Specifically, he and his co-defendant argued that although they were charged with possession of 20 grams of cocaine with intent, there was no evidence that each of them possessed the 20 grams of cocaine alleged in the indictment.  They argued the only evidence presented by the prosecution was that Ford had 13.5 grams individually, and Dixon had 6.5 grams individually.  Additionally, they argued that there was no "legal or evidentiary basis" upon which to give the challenged instruction and that the jury was allowed to convict the defendants "for something not charged in the indictment."

Jury instruction S-1 given by the trial court stated in pertinent part:

The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that on the date testified about, the Defendants, Jerry Lee Ford, and Tracy Dixon were acting together to possess cocaine with the intent to sell, barter transfer or deliver said cocaine and they did unlawfully, wilfully, knowingly and feloniously have and possess 20.0 grams of cocaine . . . with the intent to sell, barter, transfer or deliver the same to another, then it is your sworn duty to find the Defendants . . . guilty as charged.

As the respondents point out, the Mississippi Court of Appeals did not address the issue of jury

instructions separate from the issue of the sufficiency of the evidence and concluded that there was sufficient evidence to support the jury's verdict that both Ford and Dixon were in "constructive possession of the entire twenty grams of cocaine." However, though Dixon did not make a separate and independent argument regarding the alleged improper jury instruction, the court finds he "fairly presented the substance" of this claim to the state courts and has, therefore, exhausted the claim. *See Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Accordingly, the court will address both issues.

Generally, "jury instructions that contain errors of state law may not form the basis for federal habeas relief." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991). The relevant inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *See Hughes v. Johnson*, 191 F.3d 607, 627 (5th Cir. 1999) (citation omitted). Moreover, "the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *See id.* And, the court must determine whether there is a "reasonable likelihood" that the jury applied the challenged instruction in a "way that violates the Constitution." *Id*.

Dixon argues the challenged jury instruction was unconstitutional because it referred to a "conspiracy," though no conspiracy was charged in the indictment, and the evidence failed to show that he and his co-defendant acted together. First, Instruction S-1 does not make any reference to a conspiracy but, instead, refers to the joint nature of the possession and intent to distribute.[4] Second, as the respondents point out, the jury instructions as a whole allowed the

---

[4]Under Mississippi law, possession of a controlled substance may be actual or constructive, individual or joint. *Berry v. State*, 652 So. 2d 745 (Miss. 1995).

jury to determine whether the defendants each possessed the total amount of cocaine or whether they possessed certain lesser amounts independently of each other.  Indeed, Jury Instruction S-3 expressly provided for a determination that the defendants acted separately and each separately possessed their respective amounts of cocaine, Dixon having 6.5 and Ford having 13.5, each with an intent to distribute.[5]  Based on this, the court finds that Dixon was not denied a fair trial and the state court's determination was not unreasonable

Next, to the extent that Dixon challenges the sufficiency of the evidence, his claim is without merit.  Dixon appears to argue that the evidence was insufficient to prove that he and Ford were "acting together" to possess the 20 grams of cocaine with the intent to distribute.  In a federal habeas corpus proceeding, the Supreme Court's decision in *Jackson v. Virginia* provides the standard for testing the sufficiency of the evidence.[6]  The question "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[7]  This standard is applied with "reference to the substantive elements of the criminal offense as defined by state law."[8]

Dixon and Ford were convicted pursuant to § 41-29-139(a)(1) (Rev. 2001) of the

---

[5]On certiorari review, though the Mississippi Supreme Court affirmed the judgment of conviction and sentence in the Court of Appeals and the trial court, it determined that it was improper to add the two separate amounts for a total of 20 grams and hold that both Ford and Dixon possessed the total amount of cocaine with intent to distribute.  The Supreme Court found that each was guilty of possession of only the amount of cocaine they each physically possessed with an intent to distribute and that the sentence and fine received by each was unaffected because the separate amounts each defendant possessed justified the penalty and sentence imposed.

[6]443 U.S. 307 (1979).

[7]*Id*. at 319.

[8]*Id*. at 324 n. 16.

Mississippi Code 1972 Annotated, which prohibits, among other things, possession of a controlled substance with intent to distribute that substance. The Mississippi Court of Appeals, viewing the evidence in the light most favorable to the State, found that the prosecution had proved beyond a reasonable doubt that pursuant to the doctrine of "constructive possession" the evidence showed that each defendant possessed," in addition to the amount he physically possessed, the amount of cocaine attributed to his co-defendant and that they each intended to distribute the entire amount.[9] On certiorari review, the Mississippi Supreme Court agreed that the evidence was sufficient to support "intent to distribute." [10] However, the Court essentially agreed with Dixon that the evidence was insufficient to show that Dixon and Ford each "constructively possessed" 20 grams of cocaine.[11] Specifically, the Court found that the only thing connecting Dixon to the cocaine Ford had and Ford to the cocaine Dixon had was each person's physical presence in the car together and that said physical proximity was not enough. Nevertheless, the Court found that the evidence did support a finding that each defendant was handling his cocaine separately for distribution and that this evidence was sufficient to support

---

[9]Under Mississippi law, constructive possession may be established by showing the drug involved was subject to the defendant's dominion or control. *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971). Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. *Id*. Mere association with the person who physically possessed the controlled substance is insufficient. *Vickery v. State*, 535 So. 2d 1371, 1379 (Miss. 1988). Considering the totality of the circumstances"[t]here must be evidence in addition to physical proximity, showing the defendant consciously exercised control over the contraband." *Berry v. State*, 652 So. 2d 745, 748-51 (Miss. 1995).

[10]The officers' testimony concerning the amount and packaging of the cocaine found supported Ford's and Dixon's intent to distribute.

[11]The officers' testimony regarding the on-foot pursuit of Ford and Dixon and their finding the respective amounts of the cocaine in the areas where the defendants had been apprehended established the physical possession.

the conviction and sentence.[12]  Having considered the state law and the evidence presented, the court finds that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Accordingly, the state appellate court's determination does not rest upon an unreasonable application of clearly established federal law.

b. Ground 4

Here, Dixon claims that the verdict was against the overwhelming weight of the evidence. He makes this claim on the basis that the arresting officers "could not say for certain that the objects they recovered which contained the cocaine were the same objects which they allegedly saw the petitioners throw."  Challenges to the weight of the evidence is not an issue within the purview of a federal habeas court.  *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ( "A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . .").  In this case, the Mississippi Court of Appeals stated that it could not find "the verdict was so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice" and that the "evidence admitted at trial strongly suggests that the defendants were in fact guilty of the crime with which they had been charged."  The state court's determination regarding the weight of the evidence is entitled to great deference.  *See Scoggins v. Thaler*, No. A-08-CA-673-SS, 2009 WL 4059155, at *14 (W.D. Tex. Nov. 20, 2009).  Because Dixon has failed to convince the court that the officers' testimony was an insufficient basis for the state appellate court to find that he indeed

---

[12]The Court noted that Dixon physically possessed seventy-five small rocks of cocaine in an aspirin bottle, totaling 6.5 grams, while Ford had 13.5 grams or fourteen individually wrapped, larger rocks.  The Court reasoned that the difference in weight, denomination, and size of the drugs "raised the possibility that each defendant was handling his drugs independently of the other."

had physical possession of the 6.5 grams of cocaine, this issue is without merit.

c. Ground 5

Dixon argues he was denied his right to effective assistance to counsel. First, he claims his trial counsel failed to provide effective assistance when he did not object to testimony by the arresting officers regarding the value and packaging of the cocaine without first being qualified as expert witnesses and when he failed to request that the trial court conduct a MISS. R. EVID. 403 balancing test prior to introduction of evidence regarding the "controlled buy." Dixon raised these two claims on direct appeal, and the Mississippi Court of Appeals determined that Dixon failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, Dixon argues that trial counsel was ineffective for failing to fully advise him regarding the decision whether to plead guilty or go to trial and that appellate counsel was ineffective for failing to raise the issue on direct appeal.[13] Dixon raised these issues before the Mississippi Supreme Court in his application for leave to seek post-conviction relief, which the court denied by Order filed August 16, 2008. Specifically, the court found that "the issues set forth by Dixon fail to overcome the burden established in *Strickland*." Further, the Court found that Dixon failed "to make a substantial showing of a denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5) . . . ."

To be successful on an ineffective assistance of counsel claim a petitioner must demonstrate two things: (1) that counsel's performance was deficient, *and* (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687 (emphasis added). Courts must

---

[13]By Order (# 15) dated November 20, 2008, the court granted Dixon's motion to amend his petition to add two additional claims of ineffective assistance of counsel. The court has considered the state's response to the motion to amend in ruling on these additional claims.

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a defendant must overcome the presumption that the "challenged action might be considered sound strategy." *Id.* To demonstrate prejudice, the petitioner must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

With regard to his claim that trial counsel failed to object to the "expert testimony" given by Officers Hall and Cooper, the court finds Dixon has failed to show that the state appellate court's decision denying this claim was erroneous. Officers Hall and Cooper testified with regard to the street value of the respective amounts of cocaine they recovered and the fact that the packaging of the cocaine evidenced an intent to sell. The record reflects that both Hall and Cooper testified that they had experience in narcotics investigations.[14] Therefore, even assuming counsel's performance was deficient, Dixon has failed to show that the result would likely have been different had counsel objected that the officers had not been properly qualified as experts.

Likewise, Dixon has failed to show that had his attorney insisted upon the trial court's conducting a Rule 403 balancing test, the court would not have found that the probative value of the evidence outweighed any potential prejudice to Dixon, *see* MISS. R. EVID. 403. The record indicates that the state elicited testimony regarding an undercover sale on the morning of Dixon's and Ford's arrests which also connected them with a $100 marked bill which was recovered from Ford. Rule 404(b) of the *Mississippi Rules of Evidence* provides in pertinent part:

---

[14]Hall testified that he had worked as a narcotics investigator for two years, had undergone drug and narcotics training, and had made up to 120 drug arrests. Cooper testified that he was familiar with how cocaine was sold on the streets of Indianola and that he was familiar with the street values of certain sizes of cocaine rocks.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

As the respondents point out, the testimony regarding the prior undercover sale was admissible to prove intent to distribute under state law. *See* MISS. R. EVID. 404(b); *see also Nobles v. State*, 879 So. 2d 1067, 1070 (Miss. Ct. App. 2004). Furthermore, "even where an offense has not resulted in a conviction, evidence may be admissible 'to present the complete story of the crime' to the jury." *See Nobles, supra*, at 1070-71 (citations omitted). Ultimately, where these circumstances exist and the court gives the jury a proper limiting instruction as to the purposes for which the evidence could be considered, the potential prejudice is greatly minimized. *See id.* Because the trial court in this case gave such a limiting instruction, Dixon's claim is without merit.

With regard to Dixon's second ineffective assistance claim, he essentially contends that trial counsel's failure to fully explain the consequences of not accepting the state's plea offer versus going to trial caused him to reject the plea offer. After consideration of Dixon's application for post-conviction relief, the Mississippi Supreme Court found, among other things, that the claim failed "to overcome the burden established in *Strickland*." Dixon admits that on July 7, 2004, defense counsel met with him and explained that the state had offered a plea deal, which included ten years with eight to serve, two years of post-release supervision, a $10,000 fine, and court costs. According to Dixon, if trial counsel had explained the extent of the sentence he faced on a jury verdict of guilty, he would have given "more consideration" to the state's plea offer.

Dixon has simply failed to provide the court with any support for this claim. To the contrary, an affidavit of trial counsel dated December 15, 2004, supplied by Dixon in support of his motion to amend the petition herein, states that defense counsel met with Dixon and his co-defendant on July 6, 2004 and discussed the facts of the case and the state's plea offer with them and that the defendants opted to go to trial. Accordingly, because Dixon has presented nothing in support of his self-serving allegations that trial counsel's actions were deficient, the court need not address the prejudice prong of the *Strickland* test.

With regard to appellate counsel's representation, Dixon claims counsel failed to raise the foregoing issue regarding trial counsel's alleged ineffectiveness. Decisions with regard to which issues to pursue on appeal is a matter of strategy, and appellate counsel has broad discretion in determining which issues are more likely to be successful. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1985); *see also Green v. Johnson*, 116 F.3d 1115, 1126 (5th Cir. 1997) ("Counsel is not deficient for failing to raise every meritorious claim that may be pressed on appeal.") (citation omitted). Moreover, this court agrees with the state appellate court that this issue fails "to overcome the burden established in *Strickland*." *See United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) ("[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Lastly, as the respondent points out, Dixon has failed to show prejudice because the Mississippi Supreme Court ultimately considered the issue on review of his application for leave to seek post-conviction relief and found it was without merit.

d. Ground 6

Lastly, Dixon complains that the cumulative errors of the trial court warrant the granting of his habeas petition.  Dixon contends that he has demonstrated that he was denied a fair trial because the trial court "improperly instructed the jury" and erroneously allowed introduction of evidence of the "controlled buy" and his trial and appellate counsel provided ineffective assistance.  For the reasons stated above, these claims do not merit habeas relief.  *See Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) ("Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised.").

Therefore, for the foregoing reasons, it is recommended that Dixon's habeas petition be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 9th day of February, 2010.


**/s/   David A. Sanders**
UNITED STATES MAGISTRATE JUDGE